F I L E D
Electronically
CV20-01003
2020-07-21 09:53:50 AM
Jacqueline Bryant
Clerk of the Court
Transaction # 7980317 : yviloria

JEFFREY S. SPENCER, ESQ. (SBN# 9197)
JOHN D. MOORE, ESQ. (SBN# 8581)
SILVER STATE LAW LLC
190 W Huffaker Lane, Suite 401
Reno, Nevada 89511
Telephone: (775) 786-7445
jeff@sslawnv.com
john@sslawnv.com
*Attorneys for Plaintiff*

### IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

### IN AND FOR WASHOE COUNTY

| | |
|---|---|
| SARAH CHASE VIVIAN-OCHS, a Nevada Resident | |
| Plaintiff, | Case No. CV20-01003 |
| vs. | Dept. No. 8 |
| ARTURO CASAS HERNANDEZ, a California resident; 99 CENTS ONLY STORES LLC, dba 99 ¢ ONLY STORES, a California limited liability company, DOES 1 through 10, inclusive, | **Exempt from Arbitration:** Claims in Excess of $50,000.00 |
| Defendant. | |

### FIRST AMENDED COMPLAINT

Plaintiff Sarah Chase Vivian-Ochs (referred to herein as "Plaintiff") hereby files her First Amended Complaint as follows:

### GENERAL ALLEGATIONS

1. At all times material to this Complaint, Chase is and was a resident of Reno, Nevada.

2. Plaintiff is informed and believes thereupon alleges that Arturo Casas Hernandez is and was a resident of California and an employee and/or agent of 99 Cents Only Stores LLC, at all times alleged in this Complaint (referred to hereafter as



"Defendant").

3. Plaintiff is informed and believes and thereupon alleges that 99 Cent Only Stores LLC, dba 99 ₵ Only Stores, is a California limited liability company that operates business operations and/or owns or lease property in Washoe County, Nevada, among other locations (hereinafter referred to as "99 Cent Only Stores").

4. Plaintiff is informed and believes and thereupon alleges that Arturo Casas Hernandez was acting in the course and scope of his employment or agency of 99 Cent Only Stores at all times alleged in this Complaint.

5. Defendants DOES 1 through 10 are sued herein under fictitious names because the true names and capacities of said Defendants are not known by Plaintiff at this time, who will ask leave of this Court to amend this Complaint to set forth the same when they become known. Plaintiff is informed and believes and thereupon alleges that Defendants DOES 1 through 10 were employees, agents, independent contractors, individuals, or third parties that are in some way responsible for the actions alleged in this Complaint that caused injury to Plaintiff and that such are responsible for Plaintiff's injuries and damages.

6. At all times material to this Complaint, each of the Defendants was the agent, employee, partner or affiliate of each of the remaining Defendants, and each was at all times alleged in this Complaint acting within the purpose and scope and in furtherance of said agency, employment or partnership and for the benefit of each of the remaining Defendants.

7. Jurisdiction and venue are proper in the Second Judicial District Court located in Washoe County, Nevada because the accident occurred in Washoe County, Nevada, the Plaintiff resides in Washoe County, Nevada, the doctors and treatment took place in Washoe County, Nevada, and the Defendant was delivering goods to 99 Cents Only Store(s) located in Washoe County, Nevada.

8. This matter is exempt from Arbitration because the amount in controversy exceeds $50,000.00.

2

## THE ACCIDENT

9. Plaintiff re-alleges and incorporates by reference the preceding Paragraphs of this Complaint as if set forth herein verbatim.

10. On November 28, 2018, Plaintiff was driving her vehicle eastbound on Interstate 80 in Reno, Nevada. Just before the accident, Plaintiff had merged onto an exit lane, seeking to leave Interstate 80 to merge onto Interstate 580, also located in Reno, Nevada. Plaintiff was moving slowly within this exit lane because of traffic.

11. Just before the accident, Defendant was driving a vehicle owned and insured by 99 Cents Only Stores, or its affiliate, on eastbound Interstate 80 in the course and scope of his employment with 99 Cents Only Stores. Upon approaching Interstate 580, Defendant immediately and aggressively and at a high rate of speed merged into the exit lane in which Plaintiff was traveling.

12. Without due care for Plaintiff, Defendant drove his vehicle into the rear of Plaintiff's vehicle at a high rate of speed, causing massive damage to Plaintiff's vehicle.

13. As a result of Defendant's carelessness, Plaintiff was violently moved about the cabin of her vehicle, suffering injuries to her head, hands, knees, shoulders, and other parts of her body.

14. At the time of the accident, Plaintiff is informed and believes and thereupon alleges that Defendant was travelling from one 99 Cents Only Store location to another store location.

15. Plaintiff was transported from the scene of the accident to Renown Regional Medical Center by ambulance and received treatment at the local emergency room. Plaintiff continued to receive treatment after the accident related to the injuries she sustained in this accident, all of which are recoverable as damages in this matter.

16. Plaintiff received treatment from several other doctors and medical care providers after the accident, including but not limited to orthopedic care from the Reno Orthopedic Clinic. Among the care Plaintiff received from Reno Orthopedic Clinic, Plaintiff underwent surgery to her shoulder because of the injuries she sustained in the

accident. Plaintiff believes she has achieved maximum medical recovery following the accident, but Plaintiff still has permanent lingering injuries that will likely never fully recover. Plaintiff is informed and believes and thereupon alleges that she has suffered permanent injuries because of this accident.

17.  Plaintiff's vehicle was totaled as a result of the accident.

18.  But for Defendant's negligence and carelessness, Plaintiff would not have suffered any of the injuries or property damages for which she now complains.

## FIRST CAUSE OF ACTION

**(Negligence against Defendant and 99 Cents Only Stores)**

19.  Plaintiff re-alleges and incorporates by reference the preceding Paragraphs of this Complaint as if set forth here verbatim.

20.  Defendant had a duty of care to drive his vehicle in such a way as to not cause injury to Plaintiff or others at the time of the accident. Defendant had a duty to slow his vehicle as he approached the exit lane from Interstate 80 to Interstate 580. Defendant had a duty to drive his vehicle with more caution because of the slowing traffic at the exit lane. Defendant had a duty not to drive his vehicle into the rear of Plaintiff's vehicle at a high rate of speed.

21.  Defendant breached these above-noted duties when Defendant failed to operate his vehicle with due care, did not slow his vehicle as he approached the exit lane, failed to yield to Plaintiff who was already in the exit lane, failed to maintain an appropriate speed for exiting, and when Defendant drove his vehicle into the rear of Plaintiff's vehicle.

22.  Plaintiff suffered injuries and damages in an amount in excess of $15,000.00 as a proximate result of Defendant's breach of these duties of care owed to Plaintiff.

23.  Because Defendant was acting within the course and scope of his employment and/or agency with 99 Cents Only Stores at the time of the accident, Defendant and 99 Cents Only Stores are jointly and severally responsible for the injuries and damages caused to Plaintiff because of the accident under principles of *respondeat superior*. 99 Cents Only Stores is responsible for the negligent actions of its employee

Silver State Law
190 W. Huffaker Ln.
Suite 401
Reno, NV 89511
(775) 786-7445

4

and/or agent caused to others during the course of scope of the employee's and/or agent's employment. 99 Cents Stores Only also negligently trained and/or hired and/or continued to employee Defendant, which resulted in injuries being caused to Plaintiff.

24. In accordance with NRS 484B.603, Defendant had a duty to exercise due care with respect to Plaintiff as defined by the duty to slow vehicle requirements of Nevada law established under NRS 484B.603, or other applicable statutes.

25. Plaintiff was and is in the class of persons that NRS 484B.603 was designed to protect.

26. Defendant breached the duties owed to Plaintiff under NRS 484B.603 when Defendant failed to slow his vehicle as he approached the exit lane from Interstate 80 to Interstate 580, despite the slowing of traffic at this exit lane.

27. Plaintiff suffered injuries and damages in an amount in excess of $15,000.00 as a proximate result of Defendant's breach of the duty of care owed to Plaintiff that is set forth under the provisions of NRS 484B.603, or under other applicable statutes.

28. Because Defendant was acting within the course and scope of his employment and/or agency with 99 Cents Only Stores at the time of the accident, Defendant and 99 Cents Only Stores are jointly and severally responsible for the injuries and damages caused to Plaintiff because of the accident under principles of *respondeat superior*. 99 Cents Only Stores is vicariously responsible for Defendant's failure to adhere to the slowing requirements set forth under NRS 484B.603 that caused injuries and damages to Plaintiff that occurred during the course and scope of Defendant's employment with 99 Cents Only Stores.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. For compensatory, general and special damages according to proof at trial in excess of $15,000.00, to be awarded jointly and severally against all Defendants;

2. For interest at the legal rate on any judgment entered, reasonable attorney's fees, and costs of suit;

Silver State Law
Silver State Law
190 W. Huffaker Ln.
Suite 401
Reno, NV 89511
(775) 786-7445

5

3. For a declaration that Defendant breached the statutory and common law duties alleged in this matter that were owed to Plaintiff;

4. For a declaration that 99 Cents Only Stores is responsible for Defendant's action under principles of *respondeat superior*; and

5. For such other relief as the Court deems proper.

## AFFIRMATION PURSUANT TO NRS 239B.030

The undersigned does hereby affirm that the proceeding document does not contain the personal information of any persons.

DATED this 21 day of July, 2020.

SILVER STATE LAW

By _____
Jeffrey S. Spencer, Esq.
Nevada State Bar No. 9197
John D. Moore, Esq.
Nevada State Bar No. 8581
Attorneys for Plaintiff

Silver State Law
Silver State Law
190 W. Huffaker Ln.
Suite 401
Reno, NV 89511
(775) 786-7445