**WILSON ELSER**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

MICHAEL P. LOWRY, ESQ.
Nevada Bar No. 10666
E-mail: Michael.Lowry@wilsonelser.com
VIRGINIA T. TOMOVA, ESQ.
Nevada Bar No. 12504
E-mail: Virginia.Tomova@wilsonelser.com
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, NV 89119
Tel: 702.727.1400/Fax: 702.727.1401
Attorneys for Arturo C. Hernandez;
99 Cents Only Stores, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Sarah Chase Vivian-Ochs, <br><br> Plaintiff, <br><br> v. <br><br> Arturo Casa Hernandez, a California resident; 99 Cents Only Stores, LLC, dba 99 ¢ Only Stores, a California limited liability company, Does 1 through 10, inclusive, <br><br> Defendants. | Case No.: 3:20-cv-446 <br><br> **Defendants' Jury Demand and Answer to Amended Complaint** |

Defendants request a jury trial per Rule 38 and answer the amended complaint as follows:

1. Admit.
2. Admit.
3. Admit.
4. Admit.
5. Defendants lack sufficient information to determine the accuracy of the allegations in this paragraph, so they deny them.
6. Defendants admit Mr. Hernandez was within the course and scope of his employment with 99 Cents Stores when the accident occurred. They lack sufficient information to determine the accuracy of the remaining allegations in this paragraph, so they deny them.

7. Defendants admit jurisdiction and venue are proper in the federal court encompassing Washoe County. They deny the remaining allegations in this paragraph.

8. Defendants admit had the case remained in state court it would have been exempt from the state court's arbitration program.

9. Defendants repeat their answers to the prior paragraphs.

10. Defendants lack sufficient information to determine the accuracy of the allegations in this paragraph, so they deny them.

11. Defendants admit Mr. Hernandez was driving a vehicle within the course and scope of his employment with 99 Cents Only Stores when the accident happened. They deny the remaining allegations in this paragraph.

12. Defendants admit there was contact between the two vehicles, but deny the remaining allegations.

13. Defendants lack sufficient information to determine the accuracy of the allegations in this paragraph, so they deny them.

14. Defendants admit Mr. Hernandez was driving a vehicle within the course and scope of his employment with 99 Cents Only Stores when the accident happened. They deny the remaining allegations in this paragraph.

15. Defendants lack sufficient information to determine the accuracy of the allegations in this paragraph, so they deny them.

16. Defendants lack sufficient information to determine the accuracy of the allegations in this paragraph, so they deny them.

17. Defendants lack sufficient information to determine the accuracy of the allegations in this paragraph, so they deny them.

18. Defendants lack sufficient information to determine the accuracy of the allegations in this paragraph, so they deny them.

19. Defendants repeat their answers to the prior paragraphs.

20. "To prevail on a negligence theory, a plaintiff generally must show that: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was

the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages."[1]  Defendants admit Mr. Hernandez owed a duty of care to Plaintiff and breached that duty.  They deny the remaining elements of negligence and the remaining factual allegations in this paragraph.

21. "To prevail on a negligence theory, a plaintiff generally must show that: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages."  Defendants admit Mr. Hernandez owed a duty of care to Plaintiff and breached that duty.  They deny the remaining elements of negligence and the remaining factual allegations in this paragraph.

22. Defendants lack sufficient information to determine the accuracy of the allegations in this paragraph, so they deny them.

23. 99 Cents Stores admits that because Mr. Hernandez was within the course and scope of his employment, it is vicariously liable for damages he may have negligently caused.  Defendants deny the remaining allegations in this paragraph.

24. As to NRS 484B.603, admit.  Defendants lack sufficient information to determine the accuracy of the remaining allegations in this paragraph, so they deny them.

25. Admit.

26. Defendants admit Mr. Hernandez breached NRS 484B.603, but deny the remaining allegations in this paragraph.

27. Defendants lack sufficient information to determine the accuracy of the allegations in this paragraph, so they deny them.

28. 99 Cents Stores admits that because Mr. Hernandez was within the course and scope of his employment, it is vicariously liable for damages he may have negligently caused.  Defendants deny the remaining allegations in this paragraph.

**Affirmative Defenses**

1. Plaintiff was comparatively negligent.

---

[1] *Bower v. Harrah's Laughlin, Inc.*, 125 Nev. 470, 491, 215 P.3d 709, 724 (2009).

2. Plaintiff has not mitigated damages.

**Request for Relief**

Defendants request the case be dismissed with prejudice.

DATED this 30th day of July, 2020.

**WILSON ELSER**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

BY: */s/ Michael P. Lowry*
MICHAEL P. LOWRY, ESQ.
Nevada Bar No. 10666
VIRGINIA T. TOMOVA, ESQ.
Nevada Bar No. 12504
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, NV 89119
Tel: 702.727.1400/Fax: 702.727.1401
Attorneys for Arturo C. Hernandez;
99 Cents Only Stores, LLC

**Certificate of Service**

Pursuant to FRCP 5, I certify that I am an employee of Wilson Elser Moskowitz Edelman & Dicker LLP, and that on July 30, 2020, I served **Defendants' Jury Demand and Answer to Amended Complaint** as follows:

☐ by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☒ via electronic means by operation of the Court's electronic filing system, upon each party in this case who is registered as an electronic case filing user with the Clerk;

| | |
|---|---|
| John D. Moore<br>Silver State Law, LLC<br>190 W. Huffaker Lane, Suite 401<br>Reno, NV 89511<br>Attorneys for Sarah Chase Vivian-Ochs | |

BY: */s/ Michael Lowry*
An Employee of
**WILSON ELSER**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

-4-